**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Certain at Lloyd's,<br>Plaintiff,<br>v.<br>Bertha Elena Castillo,<br>Defendant. | No. CV-25-02238-PHX-SHD<br>**ORDER** |

Plaintiffs Certain Underwriters at Lloyd's ("Underwriters") initiated this action on June 26, 2025, and served the Complaint on July 30, 2025. (Doc. 7.) Defendant Bertha Elena Castillo did not respond, and on September 10, 2025, the Clerk's Office entered default. (Doc. 10.) Underwriters moved for default judgment on September 24, 2025. (Doc. 11.) Castillo did not respond. On January 29, 2026, I deferred ruling on the motion and directed Underwriters to file supplemental briefing addressing, among other issues, whether I have personal jurisdiction over Castillo. (Doc. 12.) Underwriters filed a supplemental brief on February 12, 2026. (Doc. 13.) For the reasons below, I do not have personal jurisdiction over Castillo. Underwriters' motion for default judgment will therefore be **denied.**

## I. BACKGROUND

The factual and procedural background of this action is set forth in my prior order. (Doc. 12 at 1–2.) In brief, Underwriters brings a single claim under the Carmack Amendment, 49 U.S.C. § 14706, alleging that Castillo, a motor carrier doing business as

Joshua Trucking, picked up 39,641 pounds of frozen chicken in Durant, Oklahoma on June 27, 2023, and delivered it to Thrive Foods in American Fork, Utah one day later in "a thawed state." (Doc. 1 at ¶¶ 10–11.) Underwriters, as subrogated insurer of M8 Logistics, LLC, seeks to recover the value of the damaged cargo: $142,826.52. (Doc. 1 at ¶¶ 9–13.)

On January 29, 2026, I deferred ruling on Underwriters' motion for default judgment and identified several deficiencies requiring supplemental briefing, including whether I have personal jurisdiction over Castillo. (Doc. 12 at 9.) I observed that the Complaint contains no allegations about Castillo in her individual capacity and instead relies on the allegation that "Joshua Trucking's" principal place of business is Yuma, Arizona to establish personal jurisdiction. (Doc. 12 at 3–4.) But because Underwriters sued Castillo in her individual capacity, the principal place of business analysis, which applies to corporations and other business entities, did not apply. (*See id.*) And personal jurisdiction was not otherwise apparent from the record because "the events giving rise to this action did not occur in Arizona; the only other address on record for Castillo is in San Diego, California; and service occurred to an agent in South Dakota." (Doc. 12 at 4 (internal citations omitted).)

Underwriters submitted supplemental briefing on February 12, 2026. (Doc. 13.) That briefing confirmed that Underwriters sued Castillo in her individual capacity, as no business entity called "Joshua Trucking" exists in either California or Arizona. (Doc. 13 at 2–3.) Underwriters argues that I have jurisdiction over Castillo because her federal motor-carrier registration with the United States Department of Transportation ("DOT") lists a Yuma, Arizona address as her "Business Address." (*Id.*; *see also* Doc. 13-2.) Underwriters' supplemental briefing also confirms that the Arizona address "is the parking lot of a STAPLES superstore," that the store's manager had no knowledge of Castillo, and that Castillo began to use the Arizona address "after the subject loss." (Doc. 13 at 2, 4.) Before she used the Arizona address, Castillo used an address in San Diego, California. (*Id.* at 4.) Underwriters maintains that the Arizona address listed on Castillo's federal motor-carrier registration is enough to establish personal jurisdiction because the Carmack

Amendment permits authorizing suit against a delivering motor carrier "in a district court of the United States . . . in a judicial district, . . . through which the defendant carrier operates." (*Id.* at 3 (citing 49 U.S.C. § 14706(d)(1)).)

## II. LEGAL STANDARD

Before assessing the merits of a motion for default judgment, I must confirm that I have personal jurisdiction over the defendant. *Capitol Specialty Ins. Co. v. Chaldean LLC*, 2022 WL 2953062, at *1 n.1 (D. Ariz. 2022). A default judgment entered without personal jurisdiction over the defendant is void. *Veeck v. Commodity Enters., Inc.*, 487 F.2d 423, 426 (9th Cir. 1973). The plaintiff bears the burden of establishing that the court has personal jurisdiction over the defendant. *Verragio Ltd. v. Lajerrio Jewelry*, 2025 WL 1853527, at *4 (C.D. Cal. June 10, 2025).

"Federal courts ordinarily follow state law in determining the bounds of their jurisdiction over persons." *Morrill v. Scott Fin. Corp.*, 873 F.3d 1136, 1141 (9th Cir. 2017) (quoting *Daimler AG v. Bauman*, 571 U.S. 117, 125 (2014)). "Arizona law permits the exercise of personal jurisdiction to the extent permitted under the United States Constitution." *Id.* (citing Ariz. R. Civ. P. 4.2(a)). Accordingly, whether this Court has personal jurisdiction over Castillo "is subject to the terms of the Due Process Clause of the Fourteenth Amendment." *Id.*

"Constitutional due process requires that defendants have certain minimum contacts with a forum state such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Id.* (quotation marks omitted). Minimum contacts exist "if the defendant has continuous and systematic general business contacts with a forum state (general jurisdiction), or if the defendant has sufficient contacts arising from or related to specific transactions or activities in the forum state (specific jurisdiction)." *Id.* at 1142 (quotation marks omitted). "In giving content to that formulation, [courts have] long focused on the nature and extent of the defendant's relationship to the forum State." *Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 592 U.S. 351, 358 (2021) (quotation marks omitted).

A court may assert general jurisdiction over a defendant only when her "affiliations with the State are so continuous and systematic as to render [her] essentially at home in the forum state." *Goodyear Dunlop Tires Ops., S.A. v. Brown*, 564 U.S. 915, 919 (2011) (quotation marks omitted). "For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile." *Id.* at 924. "A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001)); *see Hopkins v. Callahan*, 2024 WL 5372753, at *2 (C.D. Cal. July 18, 2024) ("A person is considered domiciled in the state of which they are a citizen."). Absent evidence of domicile, courts have exercised general jurisdiction over an individual only in "rare cases." *Page v. Broberg*, 2023 WL 105094, *2 (N.D. Cal. Jan. 4, 2023). "An individual's frequent visits to a forum, or even . . . owning property in a forum, do not, alone, justify the exercise of general jurisdiction." *Id.*

Specific personal jurisdiction over a nonresident defendant is proper if three requirements are met:

> (1) the defendant must either purposefully direct his activities toward the forum or purposefully avail himself of the privileges of conducting activities in the forum; (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

*Axiom Foods, Inc. v. Acerchem Int'l, Inc.*, 874 F.3d 1064, 1068 (9th Cir. 2017) (citation modified). The defendant's contacts with the forum state "must be the defendant's own choice and not 'random, isolated, or fortuitous.'" *Ford Motor*, 592 U.S. at 359 (quoting *Keeton v. Hustler Mag.*, Inc., 465 U.S. 770, 774 (1984)). "They must show that the defendant deliberately 'reached out beyond' its home—by, for example, 'exploiting the market' in the forum State or entering a contractual relationship centered there." *Id.* (quoting *Walden v. Fiore*, 571 U.S. 277, 285 (2014)) (citation modified)).

Importantly, the contacts relevant to specific jurisdiction are those existing "when the events that gave rise to the suit occurred." *Steel v. United States*, 813 F.2d 1545, 1549 (9th Cir. 1987). "Later events are not considered." *Valandra v. Sur-Ron USA LLC*, 2025

WL 3458553, at *5 (D. Ariz. Dec. 2, 2025) (quoting *XMission, L.C. v. Fluent LLC*, 955 F.3d 833, 849 (10th Cir. 2020)). Claims cannot "arise out of or relate to" contacts not in existence. *See id.* Crediting a defendant's post-accrual contacts to satisfy the "relate to" prong would give that prong "too broad a scope" and risk "collaps[ing] the core distinction between general and specific personal jurisdiction." *Id.* (quoting *Yamashita v. LG Chem, Ltd.*, 62 F.4th 496, 506 (9th Cir. 2023)).

## III. DISCUSSION

Underwriters' argument regarding personal jurisdiction rests on § 14706(d)(1) of the Carmack Amendment. That section states that a civil action may be brought in either state or federal court, and that, if the action is brought in federal court "trial . . . is in a judicial district . . . through which the defendant carrier operates." Section 14706(d)(1) thus provides a private right of action and specifies where trial shall be held. In other words, it is a venue provision, not a grant of personal jurisdiction. *See Nat'l Fire Ins. Co. of Hartford v. UPS Freight, Inc.*, 2017 WL 1927683, at *2 (N.D. Cal. May 10, 2017) (holding that § 14706(d)(1) is a "special venue provision" that preserves "the right of the shipper to sue the carrier in a convenient forum"). Personal jurisdiction and venue are distinct inquiries, the former addressing "the court's power to exercise control over the parties" while the latter "concerns choosing a convenient forum." *See Leroy v. Great W. United Corp.*, 443 U.S. 173, 180 (1979) *superseded by statute on other grounds as stated in Fiore v. Walden*, 688 F.3d 558, 587 n.23 (9th Cir. 2012).

Underwriters does not otherwise engage with the constitutional requirements for personal jurisdiction. (*See* Doc. 13 at 2–3.) It presents no argument that Castillo is domiciled in Arizona, or that her contacts with Arizona are so "continuous and systematic" that the exercise of general personal jurisdiction is appropriate. Nor does Underwriters argue that Castillo has "purposefully availed" herself of the forum, that she has "purposefully directed" her activities to Arizona, or that the claims at issue "arise out of or relate to" her forum contacts. Its only argument is a conclusory one: Because Castillo put a Yuma, Arizona address on her federal motor-carrier registration, she is subject to suit in

Arizona. This sole—and on this record, tenuous—contact with Arizona is not enough to establish either general or specific jurisdiction.

Castillo's Yuma, Arizona address does not establish general jurisdiction. First, to the extent Underwriters relies on the Yuma address as evidence of domicile, it falls far short. The Yuma address is not a residence—it is a Staples superstore. (Doc. 13 at 4.) A commercial address at a Staples store is not evidence of residence in Arizona, let alone domicile in the state. *See Kanter*, 265 F.3d at 857. Second, the federal registration bearing the Yuma, Arizona address appears to be inactive—and was inactive at the time Underwriters filed suit. (*See* Doc. 13-5 at 2.) An inactive registration suggests that Castillo may no longer operate from, or be associated with, the Yuma address at all, which further undercuts any inference that Castillo calls Arizona her "permanent home." *Kanter*, 265 F.3d at 857.

Further, the record does not support the finding that Castillo presents one of the "rare cases" when "continuous and systematic" ties to the state warrant general jurisdiction absent evidence of domicile. *See Page*, 2023 WL 105094 at *2. Even taking at face value that, at some point, Castillo used an Arizona address for conducting her business, a single business address in Arizona cannot establish the "continuous and systematic" contacts required to render her "at home" in the state. *See id.* ("An individual's frequent visits to a forum, or even . . . owning property in a forum, do not, alone, justify the exercise of general jurisdiction."). Underwriters has failed to satisfy its burden of establishing that Castillo is subject to general personal jurisdiction in Arizona.

Likewise, it has not met its burden as to specific jurisdiction. To establish specific jurisdiction, Underwriters must demonstrate that the claims at issue "arise out of or relate to" Castillo's Arizona contacts. *Axiom Foods*, 874 F.3d at 1068. But none of the events giving rise to Underwriters' Carmack Amendment claims occurred in Arizona. And, at the time these events occurred, Castillo was operating out of San Diego, California. Indeed, there is no evidence in the record to suggest that Castillo had any ties to Arizona when she failed to safely transport 39,641 pounds of frozen chicken from Oklahoma to Utah. By

Underwriters' own account, Castillo changed her business address to Yuma, Arizona only "*after* the subject loss." (Doc. 13 at 2 (emphasis added).)

That Castillo eventually used a Yuma, Arizona address for some business purposes cannot support specific personal jurisdiction for claims that otherwise have no relationship to Arizona. *Valandra*, 2025 WL 3458553 at *5 (declining to consider contacts with the forum state that arose after the claims at issue). To hold otherwise would stretch the "arise out of or relate to" prong beyond recognition and "collaps[e] the core distinction between general and specific personal jurisdiction." *Id.* Castillo's Yuma, Arizona address therefore cannot support specific jurisdiction.

## IV. CONCLUSION

Because Underwriters has failed to demonstrate that I have personal jurisdiction over Castillo, I cannot enter default judgment in its favor. The pending motion for default judgment will therefore be denied.

Accordingly,

**IT IS ORDERED** denying the motion for default judgment, (Doc. 11).

**IT IS FURTHER ORDERED** directing Underwriters to show cause why this case should not be dismissed without prejudice for lack of personal jurisdiction by no later than **Wednesday, August 26, 2026**.

Dated this 12th day of August, 2026.

Honorable Sharad H. Desai
United States District Judge